UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN SPECHT,<br><br>     Plaintiff,<br><br> v.<br><br>IDAHO DEPARTMENT OF<br>CORRECTION,<br><br>     Defendant.[1] | Case No. 1:21-cv-00060-DCN<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff John Specht's Complaint[2] as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice.

1.  **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a

---

[1] Plaintiff does not clearly identify a Defendant in the Complaint but, instead, addresses his allegations to a law clerk of this Court. *Compl*. at 1; *see also* Dkt 1-1 (cover letter). Because the Complaint alleges that constitutional violations occurred at IMSI and ISCI (another state prison), *Compl*. at 1, and because the Complaint does not identify any other actor who committed the alleged violations, the Court construes the Complaint as asserting claims against the IDOC.

[2] The initial envelope Plaintiff mailed to this Court included three different pleadings and was accompanied by a letter indicating that Plaintiff wanted to file three separate cases—one case alleging false imprisonment, one case alleging inadequate medical treatment, and one case seeking disbarment of an Idaho attorney. Thus, the Court opened three separate actions, including this one. *See also Specht v. Idaho*, Case No. 1:21-cv-00068-DCN (D. Idaho); and *Specht v. Koonce*, Case No. 1:21-cv-00069-BLW (D. Idaho).

governmental entity, or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## 2.    Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

## 3.    Discussion

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC") and is currently incarcerated at the Idaho Maximum Security Institution ("IMSI"). Plaintiff asserts a claim of false imprisonment, alleging that he was found guilty of a Class A disciplinary offense without a hearing. *Compl.*, Dkt. 1, at 1. Plaintiff also

alleges that the "prison is trying to kill [him] medicaly [sic]." *Id.*

Plaintiff appears to assert his claims under 42 U.S.C. § 1983, the federal civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a "person" acting under color of state law. *Id.*; *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The only Defendant in this case is the IDOC. However, states and state entities, such as the IDOC, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, even if the IDOC were considered a "person" for purposes of § 1983, it would be immune from suit in federal court under the Eleventh Amendment. *See Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff's claims are implausible, and the Complaint fails to state a claim upon which relief may be granted.

**4.    Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower

> federal courts to heed carefully the command of Rule 15(a) ...
> by freely granting leave to amend when justice so requires.
> Thus Rule 15's policy of favoring amendments to pleadings
> should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135-36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not only because Plaintiff has failed to allege sufficient facts—a deficiency that potentially could be cured by amendment—but because it is clear from the face of the Complaint that the only Defendant is not a "person" subject to suit under § 1983 and is

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

immune from suit in federal court. Therefore, the Court will dismiss the Complaint without leave to amend.

## ORDER

**IT IS ORDERED:**

1.     Plaintiff's Complaint (Dkt. 1) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

2.     Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 5) is DENIED AS MOOT.

DATED: March 22, 2021

David C. Nye
Chief U.S. District Court Judge